GARRISON, Judge.
This is an appeal from a judgment of the district court, granting to plaintiff damages in the amount of $210,000.00 and to her husband damages in the amount of $18,-768.38. From that judgment, which we affirm, defendant appeals, arguing that the trial judge abused his discretion by awarding an excessively high verdict.
Liability was admitted at trial. Accordingly, the only issue before the trial court was the question of quantum. The trial judge, in his written reasons for judgment, itemized the damages awarded as follows:

On appeal, defendant argues that the quantum awarded is excessive, as the only injuries suffered by plaintiff were a broken femur and a torn meniscus (cartilage). We do not agree. The trial judge painstakingly explained his award in 19 pages of reasons for judgment. He specifically stated that he was awarding damages based on the following factors:
1. Plaintiff was pinned between the car that struck her and a box into which parking fees are placed.
2. A Steinman pin was drilled through her right knee in order that she could be placed in traction.
3. She was in traction for three weeks, but this treatment failed and she was forced to undergo an operation during which an 18 inch intramedul-lary nail was inserted in the right knee.
4. The first hospitalization period was ■ almost one month.
5. After discharge, she required bed rest and crutches.
6. She complained of soreness in the right knee, right forehead, and headaches and was referred to an optometrist. The optometrist concluded that she had no eye problems.
7. At the time of trial, she was still under the care of the orthopedist.
8. She was involved in a second auto-' mobile accident, but this accident did not give rise to additional injuries.
9. In August, 1978, the orthopedist found that the nail inserted in the hip area was coming out.
10. In September, 1978, plaintiff began experiencing back pain for which she was readmitted. Surgery was performed to remove the nail.
11. This hospitalization lasted for one week.
12. The operation produced several ugly scars on the thigh, hip and buttock areas.
13. A plastic surgeon testified that there will be only 20% improvement if she undergoes an operation to remove the scars.
14. She became pregnant. During the course of her pregnancy, she experienced pain in her back and swelling of the right knee.
*533 15. She was readmitted for testing in January, 1980.
16. At this time, she underwent an arth-rogram of the right knee which indicated positive cartilage damage.
17. She was diagnosed as having arthritis of the knee.
18. She was further diagnosed as having calcific bursitis of the hip, which was caused by the nail.
19. This third hospitalization lasted a week.
20. She continued to experience' back pain and underwent an eleetromye-logram in March, 1980.
21. The test was essentially within normal limits except that she suffered delayed right reflexes and a decrease in the right ankle, bo'th indicating a nerve root injury.
22. She was readmitted to the hospital in August, 1980, for an arthroscopy and myelogram.
23. The myelogram was within normal limits but the arthroscopy was positive, indicating torn cartilage.
24. An operation was performed on the right knee. This period of hospitalization was 12 days.
25. She was given a 15 to 20% disability rating of the lower right extremity.
26. She would suffer pain when weather conditions changed.
27. She retains fluid in the right knee, tenderness in the joint.
28. She limps and one leg is longer than the other.
29. She should avoid any strenuous work.
30. No lost wages were awarded because she was not working at the time of the accident and had recently been married.
31. She was twenty-one years old at the time of the accident and has over fifty years of pain as her future.
32. The accident created a change in the lifestyle of a young woman who enjoyed jogging, tennis, and horseback riding.
33. The pain and suffering inherent in the numerous tests and operations, as well as the pain involved in her daily existence.
34. The effects of the accident on her recently contracted marriage and lifestyle in conjunction therewith.
In light of the testimony and evidence presented, we cannot conclude that the trial judge clearly abused his discretion in the amount of damages awarded.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.